UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GWYN TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:14-cv-2012-TWP-TAB |
| | ) |
| FRANCISCAN ALLIANCE, INC., | ) |
| | ) |
| Defendant. | ) |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case

The Plaintiff, Gwyn Taylor (hereinafter "Plaintiff" and/or "Taylor"), brings this action against her former employer, Franciscan Alliance, Inc.(hereinafter "Defendant"), alleging that the Defendant has violated her rights under the Americans With Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101 *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et seq.,* and that it is in breach of contract.

### II. Parties

1. Taylor has resided within the Southern District of the State of Indiana at all relevant times.

2. Defendant is located within the Southern District of Indiana.

### III. Jurisdiction and Venue

3. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 630(b).

4. Taylor was an "employee" within the meaning of 42 U.S.C. § 12111(4) and 29 U.S.C. § 630(f).

5. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 28 U.S.C. § 1367; 42

U.S.C. § 12117; and 29 U.S.C. § 626(c)(1).

6. Taylor is a qualified individual with a disability, was regarded as disabled by Defendant, and/or has a record of disability.

7. At all relevant times, Taylor was in the protected age group as defined by the ADEA.

8. Taylor satisfied her obligations to exhaust her administrative remedies, having timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission. Taylor received her right-to-sue notice from the EEOC and now timely files her lawsuit.

9. Venue is proper in this Court.

### IV. Factual Allegations

10. Defendant hired Taylor on or about July 26, 2004 as a nurse.

11. Taylor's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

12. In or about August 2010, Taylor agreed with Defendant to work on its "Epic Implementation" project, implementing electronic health records.

13. At that time, Defendant told Taylor that, at the conclusion of her work on the project, she would be guaranteed a position with Defendant for a one (1) year.

14. On or about June 11, 2013, Defendant entered into an employment contract with Taylor, which guaranteed her a position at her then-current rate of pay for one (1) year until July 12, 2014.

15. Defendant memorialized the agreement in a memorandum dated June 11, 2013. A copy of said memorandum is attached hereto and marked as Exhibit "A."

16. Defendant's memorandum cited all the essential terms of the contract, including

the parties, the subject-matter, and the terms and conditions. *See Block v. Sherman*, 34 N.E.2d 951, 955 (Ind. Ct. App. 1941).

17. Plaintiff and Defendant assented to the contract as evidenced by their respective acts and conduct. *See Nationwide Ins. Co. v. Heck*, 873 N.E.2d 190 (Ind. Ct. App. 2007).

18. Thereafter, Taylor began applying for several positions with Defendant, but was not hired in favor of less qualified, substantially younger employees and/or employees who were not disabled, who were not regarded as disabled, and/or who did not have a record of disability.

19. Finally, in or about October 2013, Defendant hired Taylor to work at its facility in Mooresville, Indiana.

20. Subsequently, Taylor was subjected to harassment and a hostile working environment on the basis of her age and/or her disability, her perceived disability, and/or her record of disability. By way of example, and not of limitation, Taylor was told that she didn't have the stamina to work on the unit and she was accused of suffering from a mental disability and told she should seek counseling.

21. On or about December 9, 2013, Defendant terminated Taylor.

22. Defendant did not have cause to terminate Taylor.

23. Defendant subjected Taylor to disparate treatment compared to similarly situated employees not in her protected class(es).

24. All reasons proffered by Defendant for adverse actions taken by it regarding Taylor's employment are pretextual.

## V. Causes of Action

### COUNT I

### DISABILITY DISCRIMINATION – ADAAA

25. Taylor hereby incorporates paragraphs 1 - 24 of her Complaint.

26. Defendant took adverse employment actions against Taylor based on her disability, her record of disability, and/or the perception that she is disabled.

27. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Taylor's rights as protected by the ADAAA.

28. Taylor has suffered, and continues to suffer, harm as a result of Defendant's illegal actions.

### COUNT II

### AGE DISCRIMINATION – ADEA

29. Taylor hereby incorporates paragraphs 1 - 28 of her Complaint.

30. Defendant took adverse employment actions against Taylor on the basis of her age.

31. Defendant's actions were intentional, willful, and in reckless disregard of Taylor's rights as protected by the ADEA.

32. Taylor has suffered, and continues to suffer, harm as a result of Defendant's illegal actions.

### COUNT III

### BREACH OF CONTRACT

33. Taylor hereby incorporates paragraphs 1 - 32 of her Complaint.

34. Defendant breached its employment contract with Taylor.

35. Taylor has suffered, and continues to suffer, harm as a result of Defendant's illegal actions.

## VI. Relief Requested

WHEREFORE, Plaintiff, Gwyn Taylor, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant reinstate Taylor to the same position, salary, and seniority, or pay front pay and benefits to Taylor in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Taylor;

3. Defendant pay liquidated damages to Taylor;

4. Defendant pay compensatory and punitive damages to Taylor;

5. Defendant pay consequential damages to Taylor;

6. Defendant pay pre- and post-judgment interest to Taylor;

7. Defendant pay Taylor's attorneys' fees and costs incurred in litigating this action; and

8. Defendant pay to Taylor any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ Jason P. Cleveland*
Jason P. Cleveland (24126-53)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
(317) 955-9500
(317) 955-2570 fax
jhaskin@jhaskinlaw.com
jcleveland@jhaskinlaw.com
Attorneys for Plaintiff, Gwyn Taylor

## DEMAND FOR JURY TRIAL

The Plaintiff, Gwyn Taylor, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

*s/ Jason P. Cleveland*
Jason P. Cleveland

## Certificate of Service

The undersigned hereby certifies that a true and accurate copy of the foregoing document was electronically filed this 6 day of February, 2015. Parties may access this filing through the Court's electronic filing system. Notice of this filing will be sent to the following counsel of record by operation of the Court's system:

Dana E. Stutzman - dstutzmanj@hallrender.com

*s/ Jason P. Cleveland*
Jason P. Cleveland